IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAKIA EPIE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1258-D |
| | § | |
| BOARD OF PARDONS AND | § | |
| PAROLES, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Troy Fox, Gail Johnson, Tim McDonnell, and Don Jones have filed a Rule 12(b)(6) motion to dismiss this *pro se* discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*  For the reasons stated herein, the motion should be granted.

I.

Plaintiff Makia Epie, a black male who worked as a hearing officer for the Texas Board of Pardons and Paroles ("Texas Board"), generally complains that he was discriminated against on account of his race and national origin at various times during his employment.  As best the court can decipher, plaintiff appears to allege that he was continually harassed and unfairly disciplined by his supervisor, Gail Johnson, and that white hearing officers were treated more favorably by Johnson and other agency employees.  (*See* Plf. Supp. Compl. at 4-8).  After plaintiff filed this lawsuit, he claims that Johnson retaliated against him by restricting his work assignments to Dallas County, thereby depriving him of the opportunity to receive out-of-county travel reimbursements.  (*See id.* at 10).

In his original complaint filed on July 23, 2008, plaintiff sued seven defendants for discrimination, harassment, retaliation, intentional infliction of emotional distress, defamation, loss of benefits, and hostile work environment. (*See* Plf. Orig. Compl. at 1). Plaintiff also sued one of the defendants, the Texas Board, for violations of the Texas Whistleblower Act, Tex. Gov't Code Ann. § 554.001, *et seq.* (*Id.*). Another pleading filed by plaintiff on April 23, 2009, which the court construed as a supplemental complaint, asserts only Title VII claims for race and national origin discrimination, hostile work environment, and retaliation. (*See* Plf. Supp. Compl. at 1-2, 9-10). When plaintiff failed to timely effect service on two of the defendants, Michael Billings and Abel Alaniz, the court dismissed plaintiff's claims against those defendants without prejudice. *See* Order, 3/24/09.[1]   The magistrate judge has recommended that plaintiff's claims against two other defendants, the Texas Board and the Texas Department of Criminal Justice ("TDCJ"), be dismissed for the same reason. *See* Mag. J. Rep. & Rec., 5/1/09. The three remaining defendants, Troy Fox, Gail Johnson, and Tim McDonnell, as well as Don Jones, who is not a named defendant but was served with process, now move to dismiss plaintiff's supplemental complaint for failure to state a claim upon which relief can be granted. Plaintiff has filed a response to the motion, and this matter is ripe for determination.

II.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied* 111 S.Ct. 795 (1991). In order to survive dismissal, the plaintiff must plead "enough facts to state a claim to relief

---

[1] Because plaintiff is not proceeding *in forma pauperis*, he is responsible for effecting service on the defendants.

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Casualty Property Co. of America*, 128 S.Ct. 1230 (2008).

A.

One ground for dismissal urged by defendants is that Title VII does not create a cause of action against a person who is not an "employer." (*See* Def. Mot. at 6-7). The court agrees. Title VII provides for liability only as to an employer, as defined in the statutes,[2] not an individual supervisor or fellow employee. *See Turner v. Baylor Richardson Medical Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.), *cert. denied*, 115 S.Ct. 574 (1994). This is true regardless of whether the person is sued in his or her individual or official capacity. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002). Plaintiff does not allege any facts in either his original complaint or his supplemental complaint which support the conclusion that Fox, Johnson, McDonnell, or Jones was his employer. Consequently, plaintiff's Title VII claims

---

[2] Title VII defines an "employer" as:

> [A] person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]

42 U.S.C. § 2000e(b). Although this definition includes "any agent" of an employer, the Fifth Circuit has noted that the purpose of this language was merely to import *respondeat superior* liability into Title VII. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).

against these defendants should be dismissed. *See also Jackson v. Federal Express Corp.*, No. 3-03-CV-2341-D, 2006 WL 680471 at *14 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) (dismissing Title VII claim against co-worker, noting that Title VII does not permit the imposition of liability upon an individual who does not meet the statutory definition of "employer").[3]

### B.

To the extent plaintiff attempts to sue any of the remaining defendants for intentional infliction of emotional distress, defamation, and violations of the Texas Whistleblower Act, those claims arise under state law. A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Bunch v. Duncan*, No. 3-01-CV-0137-G, 2002 WL 324287 at *4 (N.D. Tex. Feb. 27, 2002) (Fish, J.), *quoting Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

This case has been pending for less than a year. No discovery has been conducted, and the court has not yet issued a scheduling order. In fact, all pretrial deadlines have been stayed pending a ruling on defendants' motion to dismiss. *See* Order, 6/5/09. Under these circumstances, declining to exercise supplemental jurisdiction over plaintiff's state law claims will promote federalism and

---

[3] Defendants raise a number of other grounds for dismissal in their Rule 12(b)(6) motion. However, in view of the recommended disposition of plaintiff's Title VII claims and the refusal to exercise supplemental jurisdiction over any state law claims, the court need not address those other grounds.

comity without unduly prejudicing or inconveniencing the parties. *See Love Terminal Partners, L.P. v. City of Dallas*, 527 F.Supp.2d 538, 561 (N.D. Tex. 2007) (Fitzwater, J.) (declining to exercise supplemental jurisdiction over state law claims for tortious interference, civil conspiracy, and aiding and abetting following dismissal of federal antitrust claim at pleading stage); *Kibby v. Chief Auto Parts, Inc.*, No. 3-97-CV-2180-D, 1999 WL 135261 at *6 (N.D. Tex. Mar. 4, 1999) (Fitzwater, J.) (same as to exercise of supplemental jurisdiction over state law claims following dismissal of Title VII and section 1981 claims on summary judgment). *Cf. Lopez v. Continental Insurance Corp.*, No. 3-95-CV-1894-D, 1997 WL 148032 at *6 n.2 (N.D. Tex. Mar. 25, 1997) (Fitzwater, J.) (exercising supplemental jurisdiction over state law breach of contract claim after dismissal of Title VII discrimination claim only because there was diversity of citizenship).

### RECOMMENDATION

Defendants' Rule 12(b)(6) motion to dismiss [Doc. #31] should be granted. Plaintiff's Title VII claims against Troy Fox, Gail Johnson, Tim McDonnell, and Don Jones should be dismissed with prejudice. The court should decline to exercise supplemental jurisdiction over plaintiff's state law claims for intentional infliction of emotional distress, defamation, and violations of the Texas Whistleblower Act. Those claims should be dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 24, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE